The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Eugene G. Doherty presiding. Good morning to all. We are calling case number 424-0126 Brookens v. Akers et al and Akers v. Springfield School District. Would counsel please state your name for the record starting with counsel for the appellant. Good morning Judge. Philip Andrews for Plaintiff Appellants. Sahila Brookens as Administrator of State of Pierre Scott Jr. and Krishana Akers as Guardian of Daquan Dunn. And Charles Insler of Hepler Broom on behalf of the Springfield School District and the individual school district employees. All right Mr. Andrews you may proceed. Thank you Judge. First of all good morning to everyone. Thank you to the court for hearing this today. Good morning Mr. Insler. Judge just as a matter of housekeeping would you like me to use the terms plaintiffs and defendants or appellants and appellees? You know usually we defer to the trial court designations so I'd say plaintiff and defendant. Thank you Judge. Your honors the circuit court's decision as to dismiss counts 1, 2, 3, 1, 2, and 3 of the amended complaint in the circuit court should be reversed for three reasons. One the defendants did not engage implementation of a policy and exercise of discretion and are not entitled to immunity pursuant to section 2-201 of the Tort Immunity Act. Number two defendant's failure to prevent the horrific stabbing at issue in this matter was administrative in nature and not a police function within the scope of section 4-102 of the Tort Immunity Act. Finally number three the foreseeability of the stabbing at issue here was entirely predictable after Ms. Bias, an original defendant in this matter, was caught with a knife at Douglas Alternative School only one month before the stabbing at issue in this matter. Thank you. Judges I will begin with of course. Before you move on can I ask you about the first and second point and whether they intersect in a way. You're saying that it wasn't in the nature of police protection wasn't that type of action and doesn't it suggest then by negative implication that it would have been when you called it an administrative matter a matter of supervision regarding and discretion regarding discipline. Yes judge if I understand the question. The administrators, the defendants, the school district as well the individual defendants did not actually engage in the exercise of discretion. Our argument our point as evidenced in defendant's own affidavits the affidavits of defendant when those affidavits and the facts in this case indicate that defendants did not engage in any actual discretionary act and therefore are not entitled to immunity under 2-201. Help me out though what was the administrative function that you're saying that they did that was not police protection. Let's accept the premise that it wasn't a police type of action. What was the administrative action that they took? Judge the administrative our position is that there was no administrative action. Okay well then that first guy who was talking a couple minutes ago said there was. Judge I'm sorry I to clarify I stated that the issue in this suit is not administrative in nature. I did not say that there was an affirmative administrative act that takes this matter outside the scope of 4-102. I'm just saying this is entirely not within the view of 4-102. I know but your arguments have to live with each other. So you say it was not that police type action and your earlier words were it was purely administrative. So what was the action? Judge the action was inaction. The defendants failed to act. Well isn't isn't it the whole point of your case is that they made a decision to move this child from one school to another? Yes judge that decision had been made several months before Miss Bias was found with a knife in October of 2021. She had been attending Douglas Alternative School beginning the spring of 2021. So there was an administrative decision to have her split her time but at issue in this suit in our amended complaint and in this appeal is the defendant's this defendant's lack of action following October 18th 2021 when she was found with a knife to allow her to continue. Okay. To continue that individualized education program wherein she would split her time between the two schools. So your position is we we don't have established by affidavit that there was a an exercise of a of a discretionary decision that led to that that it was momentum you know inaction. Inaction yes following that October incident wherein Miss Bias was found with a knife. Okay. So to continue with our first point here defendants to just piggyback right off of that defendants have failed to carry their burden to show that they have in fact exercised discretion and are entitled to immunity pursuant to section 2-201. If I may and it's somewhat of a follow-up on Justice Doherty's point but I guess it's also a point of clarification for me in the amended complaint it appears to me that the plaintiff fails to delineate which defendant made which decision but I also appreciate with regards to response to Justice Doherty it's it's inaction so or which defendant failed to take a particular action. The amended complaint seems to lump that all together and suggest it's just generally willful and wanton conduct. Why is that sufficient if you will? Yes Judge that's well the what's on appeal here is the circuit court's decision pursuant to 619-89 to grant the defendant's immunity. The circuit court did not dismiss the amended complaint pursuant to 615 based on a sufficiency of pleading argument. That said the allegations in the amended complaint describe the you know the the circumstances that we're discussing here today that his bias was found with a knife and had a track record of you know aggression and she was she was allowed to continue attending and roaming Lanphier High School freely in possession of a knife and that all of the defendants I think to answer this put a punctuation on this to answer your question all defendants had an opportunity to act. The school board generally you know as the entity governing and the individual defendants all had the opportunity to act yet failed to do so. You see the the unusual position that puts the defendant in though because the defendant and let's put aside the one sentence where you're correct he can't argue with your complaint that's that's pretty much black letter law. But if you had just made a mistake and said these people screwed up here and you listed the name of the janitor who's got nothing to do with anything just by mistake they would be stuck with that so they couldn't file a motion saying the janitor exercised discretion they would have to speak more globally saying the decision to do this is one of discretion. Do you understand do you see the the the position they're in in in both accepting the facts that you've pleaded and then advancing that affirmative defense? Yes your honor I I think a case that defendants themselves cite in their response could provide guidance as to that you know that item you just asked about. Haskell v Williams 2013 Illinois app fourth district 121131 provides an example of defendants carrying their burden as moves show that they are in fact entitled to immunity. They accepted the the allegations and they provided two affidavits the superintendent as well as the principal of the school each provided an affidavit saying here is our multi-factor analysis that we go through to implement discipline and this is what we followed. How do they do that for a person who had no input on the decision because they've got to accept your allegation that they did? Well if if the nature of someone's role you know for instance you suggested the janitor but if any of these other individual defendants actually had no authority whatsoever they could have pled that. Yep it wouldn't help them in this motion because they've got to accept your allegations and if your allegations are factually wrong the defendant is in a kind of a trick box. You froze for a second there I hope we didn't miss anything. Okay I believe I heard your question. Well the nature of a 619 motion accepts all allegations is true but again if if the defendants had no authority to exercise discretion as to any kind of student related matter then that could be argued that could be provided in an affidavit as potentially another a separate affirmative matter within the scope of 619-89 but that's not what the defendants argued. The defendants argued that they are entitled to immunity due to the exercise of discretion. Judge as I was saying Haskell v. Williams provides examples of affidavits that accept allegations as true and thoroughly and with detail lay out the basis for the defendant's immunity. The superintendent and principal each provided an affidavit saying this is our multi-factor analysis that we go through and that is exactly what we follow in arriving at our decision in this case. They use very specific language to clarify what exactly they did in that particular case. In our case we have no such language in any of these affidavits. We have conditional language based on hypotheticals. We have expressed denials of having exercised discretion and defendant when second affidavit in paragraph nine of that affidavit defendant when expressly states that even if the defendants had wanted to exercise discretion and expel misbias they would not have been able to. A Supreme Court case relied on by Haskell, Mulvey v. Carl Sandburg High School both cases that defendants cite in their response. The Harenac case it's Harenac v. 161 North Clark Street Limited Partnership 181 Illinois 2D 335 1998. It's a Supreme Court case an Illinois Supreme Court case wherein the Supreme Court establishes that not only do the defendants need to hold policymaking and or discretionary positions where they can exercise discretionary decisions discretionary decision making but two it's a two-factor test but two they must show that they were actually engaged in such action to be entitled to immunity pursuant to section 2-201 and Haskell counsel if I can interrupt just for a second so I anticipate the defendants are going to argue that this is the type of decision that of letting her back in the school that just is automatically uh discretionary uh and and would meet the meet the test um and so therefore they don't have to allow the specifics and if if I'm hearing you correctly that's required yes sir it is required okay um I'm sorry you may continue uh yes sir uh in addition to the fact that it's required as a matter of law pursuant to Harenac um and multiple cases decided by defendants themselves um again as I was saying a few minutes ago um just because in the nature of disciplinary decisions may be inherently discretionary one of course they're required to show that they are engaged in that but two in a case such as this um they're what we're saying our point is that the action was inaction they simply failed to act so even if even if a discretionary decision or a disciplinary decision may be inherently discretionary when no decision whatsoever is made due to inaction uh such defendants such administrators are not entitled to immunity um so that's that's the other side of that um now um to go through um those affidavits um you know defendants not only do not show that uh they were not actually engaged in discretionary decision making uh after misbias was found with the knife but they expressly state that they did not um you know affidavit one says supposing plaintiff's allegations were true defendants would have weighed various factors as prescribed by policy as I said a moment ago the second affidavit said states that even if defendants had wanted to they would not have been able to uh you know uh administer whatever decision they would have liked to they were they isn't that limited to suspension um it's they state that um that is in the context of exclusionary discipline um but that's the point they were not um able to exercise whatever discretion that they would have exercised based on the multi-factor tests um and in stating so uh defendants basically walk a fine line between um you know they don't want to admit that they didn't exercise discretion but they can't outright say like the defendants in Haskell this is what we did in this case because they didn't do anything in this case um they uh they simply failed to act uh despite their knowledge that misbias had recently been found with a knife had a had a very extensive track of uh aggression and belligerence and disruption um I mean carefully you don't uh win the battle and lose the board council I mean if if if it's true that they have no legal authority to suspend under these circumstances it seems as though you probably ought to have another should have action that you're arguing for you you should be telling us well what is it that you're saying they should have done they should have I mean done anything that would have limited my torts teacher was very insistent negligence is conduct wrongful conduct has to be described so tell us what was it they were they should have done that's pretty fundamental to your claim uh yes sir the uh the defendants could have implemented any kind of discretionary or um any kind of uh specific uh discipline or program or adjusted misbiases individualized education program to limit her ability to roam freely or to attend land fear uh to the extent that she had been um what's that issue here is that after she was found with a knife she was able to just roam that school without supervision in possession of a knife um and that's that's the proximate cause that begins to get a little more into that police protection type of thing doesn't it without supervision no sir because uh the um unlike the cases cited by defendants in their response uh misbiases curriculum or ability to walk around land fear what classes she attends where she goes at what times and supervised by who would be within the scope of school administration and not a police function you got cases that say that for supervision for safety reasons um judge i do not have a case off the top of my head but as movements um defendants argued that the cases green and albert that they cite um render this matter or uh illustrate that this matter falls within the scope of section 4-102 um and those cases are just materially uh inapposite thank you counsel your time has expired uh mr insler thank you may it please the court on behalf of the springfield school district and the individual school district employees this is a tragic case your honors it's a case in which miss bias stabbed two of her fellow students pierre scott jr who died from his wounds and taquan dunn who survived and their mothers then filed this lawsuit seeking damages from the springfield school district the individual employees and miss died and miss bias that should later be dismissed now the law is clear even in the face of these tragic circumstances the school district and the individual defendants are entitled to absolute immunity under section 2-201 and section 4-102 of the tort immunity act let's talk about 201 to start with um what does the record show about the actual exercise of discretion yes and so when mr andrews is saying there was no discretion that's absolutely not the case because if you look at the wind affidavits and i'm at a212 paragraph 10 he painstakingly goes through all of the decision making that it took to arrive at how to what discretionary decision was made with respect to miss bias and the first time that they discovered the knife doesn't he say what would have been done isn't that sort of part of the problem here no he says in arriving at the decision as to what action was appropriate we considered it's not we would have considered we considered what district staff to notify whether exclusionary discipline was appropriate and permitted what consequences would limit the likelihood she would repeat the contact and what impact the proposed consequences would have on mrs bias's education and balancing these factors so he's going through what factors they had to evaluate what factors they had to balance he's also discussing what the school code allows and what the school handbook allows for in terms of there's no zero tolerance policies permitted they have to evaluate everything on a case-by-case basis that is the law and that's what the handbook permitted as well so mr wind is absolutely going through all the factors that the school district took when they arrived at a disciplinary decision for misbias after discovering the knife on october 18th does he tell us who we is he does on in paragraph 8 on 8 to 11 he goes through the different administrators mr insular wouldn't this wouldn't it have been easier for you and for us to make a decision in this case if each of these defendants filed their own affidavit uh stating what they did and how they participated in this i think one of the problems is that the amendment never alleges what each defendant was supposed to have done and how they contributed to that decision and i think it on some level dismissal is proper because either one of two things happened okay the individual played no part in the decision making so take the janitor for instance or the alternative that individual made a judgment call about how to issue and is therefore covered by section 2-201 because they're involved in a judgment call i get what you're saying that includes a judgment call of not taking any action i think i think not taking action is a form of action because you're making a decision that maybe this and if you look at the actual facts what they determined was that um the the facts were that Miss Bias said the knife she was hiding the knife from her brother and and hid it in her backpack and had forgotten about it so the facts at issue were not that this was Miss Bias bringing a knife for intimidation purposes to target any of her fellow students it was that the knife was hidden from her brother happened you know happened to still be in her backpack so with that with those you know facts at hand the administrators are making a discretionary decision they're evaluating you know how many offenses has she had was this dangerous knife was she bringing it for intimidation and they're making the best decision they can with the facts they have and that is the whole purpose behind the Tort Immunity Act is that judges and plaintiffs should not be able to come second guess what administrators are doing because they are the ones on the ground with the most information they know the students they know student body best and they should be given that ability to make those calls without being second guessed and there's some discussion going back to your your comment about you know the janitor shouldn't be in the case if they didn't exercise discretion um i understand your point substantively but just procedurally that seems to be out of reach of a 619 motion because we have to accept the plaintiff's allegation that he was involved and this is the hypothetical janitor just to be clear right your honor there the amendment doesn't describe any circumstances particular to any particular defendant so we moved globally because all the allegations was directed at every allegation seems to be against every defendant correct so that means that if we say well but this defendant didn't involve himself or herself we're sort of arguing with the complaint aren't we no i don't think we are your honor because our motion is certainly accepts the facts as pled in the complaint and then we have additional facts brought out by the wind affidavit and under the 2619 procedure if they want to contradict any of our additional facts they were required to provide counter affidavits and they never did and i would also say that at the circuit level they abandoned their motion to strike when second affidavit they were willing to just take a circle if i may just briefly because it's something that i noticed in reviewing the record and you referenced the wind affidavit at um i think you're using the point of 210 when you cited that i have not been able to find in the record where the second affidavit is actually notarized um so when i look at a 213 that's not notarized when i look at the common law record of 878 that document is not notarized is there a an affidavit in which uh it was actually notarized that was part of the record um the record reflects that there's no notary public signature and this would be what has been referred to as the second affidavit by mr win correct yes your honor okay i just wanted to to make sure i wasn't missing something thank you i think that might just have been an oversight unfortunately i'm looking at 889 it looks like there is a it's kind of cut off but on the common law record what was your reference judge 889 i believe they're kind of cut off so it's hard to don't have that in front of me but um i so i can't speak to whether it was properly signed by the notary but it certainly was signed by mr wind it would have to be notarized though correct to be considered by the court um i can't speak to the case law on that i think i can't speak to the case on that speak to the rule though rule 91 specifies the form i mean it's made on personal knowledge um he lays out all the reasons why the school district staff took the measures they did um and he discusses the school code the handbook the different factors that inform the school discipline and i would also say that this case can be decided without the wind affidavits um if you look at the very face of the complaint it describes what the defendants are alleged to have done the immediate complaint alleged the defense made the conscious decision and that's a decision i emphasize to reintroduce bias into the student body at lanfair high school without adequate supervision all the while knowing she posed a threat to other students so those factual allegations fall into two categories first the defense failed to appropriately discipline bias and second the defense failed to adequately protect their sons so each of these categories is apparent from the face of the complaint and implicates immunity an illinois case law has consistently held that decisions about school discipline are matters of judgment and discretion and therefore subject to immunity that's castillo and molby both of which were decided without any reference to supporting affidavits is this entirely a matter of discipline i think that's you could find that there was no culpability but still that there was a risk to other students what the planets are alleging we should have done was appropriately and i don't know how you know discipline basically create a structure so they would protect their sons and so i don't know if you want to call it discipline or a policy or an iep but they are questioning the manner in which the defendants arrived at how to handle misbias so you know we call it discipline because that's kind of how the handbook refers to it but they are questioning how the school district should have handled misadvices education and that is absolutely a matter of judgment and discretion and those issues are apparent from the face of the complaint and the same is true of the failure to protect illinois case law has consistently held the to protect are subject to immunity that's castillo and green and castillo and green were also decided without any reference to supporting affidavits so the circuit court was correct to dismiss this lawsuit on immunity grounds and it could have done so without reference to win's affidavits because the grounds for dismissal were apparent on the face of the imminent complaint now there's some question about foreseeability but that is a negligence issue and the tort immunity act forecloses negligence causes of action based on that affirmative defense i also wanted to address two of the cases that they referenced in the reply brief those are the doe and domovsky decisions and those decisions do not help the plaintiffs in fact they offer a helpful contrast in deciding this case doe concerned the furnishing of an attendant on a bus transporting disabled children and while on the bus the plaintiff was sexually assaulted by a child that had been declared sexually aggressive and the protective plan i issued for that child that bus required an attendant be there and the attendant was not there on the day of the assault so what we have here was a ministerial task not a discretionary one there were no factors to weigh there was no judgment there was no discretion i issue there had to be an attendant and there wasn't and so domovsky also does not help the plaintiffs domovsky involved allegations of sexual abuse by a teacher against the student the plaintiffs alleged the school board was aware of past incidents by the same teacher and that the board had been negligent in that regard and the court found there was no immunity because the board had no discretion how to proceed under the reporting act the board had to act on the previous reports of child abuse so doe and domovsky are examples of ministerial duties where the defense had no factors to weigh no individual determinations to make and that is simply not the case here the question of how best to handle misbias is education and discipline required consideration of individual factors i think it's helpful just to sort of play out what the defendants are asked to do if you take a situation similar to what we have here a student who brings a knife to school and there are a number of different factors that are going to inform that disciplinary decision so imagine is this a butter knife or a hunting knife is this for the purpose of intimidation or presentation is it a school presentation that issue is this a first offense or a tenth offense is the threat credible or not credible is the student 18 years old or eight years old those are five questions just from one act of bringing a knife to school so it's not you can't simply say misbias brought a knife this is what had to happen and in fact everything says you cannot have policies in place you cannot have zero tolerance policies in place and you cannot mandate there's no way to create a list of you know you know this happens and therefore this has to happen there's no way to you know consider every possible permutation of school discipline and i think that's what the plaintiffs are asking this court to do is to figure out you know there was a knife that was brought to school and this is what the school district had to do this was a ministerial task and they did the wrong thing and that's simply not what the law allows for and it's not what common sense would allow for it and looking as far back as from this court they said you know black robe judges just cannot be in the business of making school discipline decisions that has to be left to school administrators on the ground who know the students best you know the situation best and there's just so many different things that they have to consider they've got to consider the parents they've got to consider the other students they have to consider that student and all those factors speak to why we have the immunity admitted at certain points that disciplinary decisions are discretionary and that's the whole case we have here their whole case is arguing that we made the wrong decision but that is a discretionary decision for which we are entitled to absolute immunity and there's nothing in the brief or the amended complaint that ever states what the defense should have done differently they've never said you know this was the proper course of action they simply say we made the wrong decision but again that's that is the the core word at issue here decision we are making discretionary decisions and that is the whole purpose of both you know certainly 2-201 and then really when we get down to 4-102 where you know the allegation is that we failed to protect their children and that is the core issue with section 4-102 did we fail to protect you know the the two students at issue and if we look to the you know it's interesting that they attack the affidavits because that means they're not truly attacking the merits of the circuit court's immunity ruling instead they're arguing about the propriety of two affidavits and Jason Wynn's affidavits were probably before the court a motion to dismiss under 26109 admits the legal sufficiency of the plaintiff's complaint but it asserts affirmative defenses and immunity is one affirmative defense so section 2619 expressly permitted the school district and the individual defendants to support their motions to dismiss with affidavits of Jason Wynn and I think it's telling well we do need an affidavit to establish that in your mind it was a decision even though it was in action it was a decision and it looks like the what we're really hanging on is the words we considered which are used a couple of times in paragraph 10 of the second affidavit well I think we could decide this case with or without the affidavits but I think the affidavits are probably the plaintiff said you didn't you didn't do anything and you never thought about it we need to see the affidavit to see that you did I think in action is also a form of action that's a decision not to do anything differently would be can be but not if you're like taking a nap right I mean you have to show that you thought about it and in action I think the amended complaint lays out that there was a knowledge of what you know the defendants were aware of misbias that they conducted some investigation of what had happened earlier so I don't think there's any allegation that they just totally disregarded the situation I think that even the amended complaint notes that there was uh you know discussion of how to handle the situation um when they say inaction I don't know that they're I don't think they're actually saying nothing at all people were sleeping there was no efforts to talk to misbias to determine what to do after that there's some argument that dismissal cannot be based on disputed facts it's true that affidavit you know cannot deny plaintiff's allegations but that's not what we have here Wynn's affidavit did not deny the allegations instead it raised the affirmative matter of immunity and it added additional facts that plaintiffs would have been obligated to submit counter it did in one sentence it denied it and we've got a lot of trouble flowing from that um is there any way in which your arguments are premised on that denial no and I think more to the point the circuit court's order which that's that's the order being appealed from right we're appealing the circuit court's order not Wynn's affidavit does not reference any disputed so the circuit court order accepts all the facts that's true from the amendment complaint and so that's the order being reviewed um and so to the extent that the plaintiffs are arguing that our affidavit disputed facts none of that came into the circuit court's order and the second affidavit was only related to to the last defendant who had not been dispensed with correct that related to just that was not filed until because the other order had been entered with regards to the other defendants at that point correct correct and there even was an appeal from the first order of dismissal that was then um voluntarily dismissed because right all the defense were not properly um adjudicated but then obviously the second affidavit is now part of the record and the circuit court noted that it was granting the motion for the reasons you know previously discussed as well so did the court did the court make that ruling based upon this affidavit the second one as to all defendants no obviously would not have had already made a decision with respect to the first there's a rule of in appellate practice that we don't consider matters that were not before the court at the time of the decision well i would say you know there was a motion for reconsideration as well so i think the circuit court was aware of that motion for reconsideration and then we have the second affidavit as well so um second idea is certainly part of the record and this court obviously has the ability to affirm on any basis supported by the record and if the court has no further questions i would yield the rest of my time all right thank you counsel mr andrews you're muted mr andrews forgive me uh yes judge just a couple quick points uh in rebuttal to council um first nothing in the amended complaint uh states that or concedes or acknowledges that uh defendants actually exercised discretion uh after misbias was found with a knife on october 18th 2021 council said that a few moments ago that is just simply not the case further i i would just like to drill down a little bit further on the fact that uh defendants failed to carry their burden in their 61989 motion um the council stated that counter affidavits were required uh counter affidavits were not required because defendants themselves did not care initially uh therefore plaintiffs had no obligation to uh counter um defendants motion um the affidavits failed to state where um and how uh defendants actually exercised discretion uh what actual factors they evaluated and applied to misbias's case um they simply suggest that defendants may have exercised discretion because their positions were such that they could have um so defendants failed to carry their burden plaintiffs had no obligation to file counter affidavits you know i think uh council himself uh stated stated plaintiff's position for plaintiffs uh he said not taking action is action that's not uh what the case law says for defendants to be immunized by section 2-201 again as stated in haranek which is cited by haskell and malvi and um you know the other case law cited by defendants themselves uh defendants must hold policy making and uh discretionary positions and and must show that they engaged in the implementation of a policy and exercise of discretion in order to be immunized by section 2-201 and council um going back to what you said in your complaint uh you said that they consciously and purposely reintroduced uh the child to the same students and staff knowing that she posed an even greater threat than she did before the removal it it doesn't sound like that's just sort of a you know they missed it it doesn't sound as you're saying that everyone just kind of let it pass it sounds like it's a purposeful act judge the the that portion of the complaint uh discusses the reintroduction of misbias prior to october 18th um 2021 it it states that um in the implementation of her individualized educational program um she was reintroduced to the population at lanphier high school um you know despite her track record um so prior to the the knife incident yes sir prior okay um is that part of your claim are you are you saying that is a wrongful act that led to the damages at issue the just the the initial design of the individualized educational program of bringing her back to lanphier uh no judge our claim is focused on defendant's failure to do anything after october 18th 2021 and as we've discussed today as illustrated in the appellate briefings as illustrated in the circuit court briefings uh defendants have failed to carry their burden pursuant to 61989 and they have failed to show that these claims should be dismissed uh on the basis of immunity uh whether pursuant to 2-201 4-201 or any other section all right thank you counsel uh we will take the matter under advisement and issue a decision in due course